UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT BOWLING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-1671 |
| | ) |
| CITY OF FISHERS, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Robert Bowling ("Bowling") brings this action against Defendant City of Fishers ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the Indiana Wage Payment and/or Claims Statutes, Indiana Code §§22-2-5 and/or 22-2-9 et seq.

## PARTIES

1. Bowling is an individual who resides in Hamilton County, Indiana. He was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint. At all times hereinafter mentioned, Bowling was an individual employee who was engaged in commerce as required by 29 U.S.C. §206.

2. Defendant is an Indiana public agency located in Hamilton County, Indiana. Defendant acted, directly or indirectly, in the interest of an employer with respect to Bowling. Defendant is an "employer" within the meaning of the 29 U.S.C. § 203(d) and (x).

## JURISDICTION

3. This Court has jurisdiction over Defendant because Bowling has asserted a claim

arising under federal law.   This Court has supplemental jurisdiction over Bowling's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

4. Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391 because Defendant is located in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

5. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

6. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(c) of the FLSA, 29 U.S.C. §203(s)(1)(c) in that it is engaged in an activity of a public agency.

## FACTS

7. Bowling began his employment with Defendant in or about May 2008.

8. Bowling is currently employed by Defendant.

9. At all times relevant to this action, Bowling was employed by Defendant's Police Department and held the titles of School Resource Officer or Patrol/School Resource Office.

10. From approximately July or August 2017 – October 2019, Bowling was assigned to perform additional job duties on behalf of Defendant.   Specifically, Bowling was tasked with completing a history project on behalf of Defendant.

11. After initially performing tasks related to the history project during his regular work hours, Bowling had to perform said tasks "off the clock" after his regular work hours because he was disciplined for not completing his regular job duties in a timely manner.

12. Between approximately July or August 2017 and October 2019, Bowling devoted approximately 893 hours to the history project for which Defendant has not compensated him.

13. In addition to the aforementioned work on the history project, Bowling worked approximately 122 additional hours on a variety of assignments related to his school detail for which Defendant has not compensated him.

14. From approximately July or August 2017 – October 2019, Bowling repeatedly communicated with Defendant after hours regarding the work he was performing.

15. From approximately July or August 2017 – October 2019, Defendant had actual and/or constructive knowledge that Bowling was working after his regular work hours.

## CAUSES OF ACTION

### COUNT I – FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Bowling hereby incorporates by reference paragraphs 1-15 of his Complaint.

17. During the relevant time period, Defendant violated the provisions of 29 U.S.C. §§203 and 206 by employing Bowling in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without properly compensating him for his employment.

18. Defendant has acted willfully in failing to pay Bowling in accordance with the law.

### COUNT II - FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

19. Bowling hereby incorporates by reference paragraphs 1-15 of his Complaint.

20. During the relevant time period, Defendant violated the provisions of Indiana Code §§22-2-5 and/or 22-2-9 et seq. by failing to pay all wages earned by Bowling.

21.     Defendant has acted willfully in failing to pay Bowling in accordance with the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Robert Bowling respectfully requests that this Court enter judgment in his favor and provide him the following relief:

a.     An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid minimum wages due to Bowling and for liquidated damages equal in amount to the unpaid minimum wages found due to Bowling;

b.     An Order pursuant to Indiana Code §§22-2-5 and/or 22-2-9 et seq. finding Defendant liable for unpaid wages due to Bowling and for liquidated damages equal to two (2) times the amount of wages found due to Bowling;

c.     An Order awarding Bowling the costs of this action;

d.     An Order awarding Bowling his attorney's fees;

e.     An Order awarding Bowling pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

 s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:	(317) 616-3671
E-Mail:	ajones@andrewgjoneslaw.com

Attorney for Plaintiff